**William BERRYHILL, Plaintiff,**

v.

**PACIFIC FAR EAST LINE, Inc., a corporation, et al., Defendants.**

**No. 34204.**

United States District Court
N. D. California, S. D.

Oct. 12, 1955.

Jay A. Darwin, Charles H. Warren, San Francisco, Cal., for plaintiff.

Jay T. Cooper, Door, Cooper & Hays, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

The motion of defendant Pacific Far East Line, Inc. for judgment in its favor on the pleadings was submitted, upon the pleadings and plaintiff's responses to defendant's interrogatories. No factual issue needs resolution in order to determine whether the allegations of the first amended complaint entitle plaintiff to relief.

The amended complaint seeks recovery for personal injuries suffered by plaintiff solely on the basis of the alleged unseaworthiness of defendant's vessel. At the time plaintiff was injured, the vessel was in dry dock undergoing repairs to make it seaworthy. Plaintiff, a shoreside machinist, was sent aboard the dry-docked vessel by his employer, a shipbuilding and repair firm, engaged by defendant to make the repairs. While he was assisting in making the repairs, he was injured by the explosion of a grinding wheel being used on a grinder supplied by his employer.

In my opinion, Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, Pope and Talbot v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L. Ed., 143, and the other cases cited by plaintiff as extending the doctrine of shipowners' liability for unseaworthiness to others than seamen, do not apply in this case. These cases extended the doctrine of unseaworthiness to persons who performed maritime services traditionally performed by seamen and who were exposed in some degree to maritime risks. Neither these authorities nor reason justify extension of the doctrine to a shoreside machinist injured while working on a vessel dry-docked for major repairs.

The motion for judgment in favor of defendants is granted.

Present an order accordingly.